(No. 24690.—

JESSIE S. MORGAN *et al.* Appellants, *vs.* THE CITY OF CHICAGO *et al.* Appellees.

*Opinion filed December 15, 1938—Rehearing denied Feb. 8, 1939.*

PAYTON J. TUOHY, (A. D. McMAHON, of counsel,) for appellants.

BARNET HODES, Corporation Counsel, WEBER, MILLER & DEFFENBAUGH, and ALEXANDER J. RESA, for appellees.

Mr. CHIEF JUSTICE SHAW delivered the opinion of the court:

On April 22, 1932, appellants filed a bill in the circuit court of Cook county seeking to enjoin the city of Chicago and its officials from issuing a permit for the construction of a gasoline filling station at the southeast corner of Sixty-seventh street and Jeffrey avenue. Appellants were the owners of certain properties in the vicinity of the proposed gasoline station. The trial court, upon recommendation of the master to whom the cause was referred, dismissed the bill for want of equity. The cause is before us on the certificate of the trial judge that the validity of an ordinance is involved and that public interest requires that the appeal from the decree below be prosecuted directly to this court.

When the comprehensive zoning ordinance of Chicago was passed in 1923, the property in question was zoned for residence or apartment purposes. There was, at the time, a gasoline filling station located at the southwest corner of Jeffrey avenue and Sixty-seventh street, directly across from the property which is the subject matter of this dispute. On July 30, 1931, the city council enacted an ordinance setting up a board of appeals with power to recommend variations of the zoning ordinance of Chicago. This ordinance provided: "Where in specified cases of applications for permits there are practical difficulties or particular hardship in the way of carrying out the strict letter of the provisions of the ordinance, the board of appeals shall have power on application to recommend variations of or from the original ordinance or amendments thereto. Variations in specific cases of practical difficulties or particular hardship shall include the following, but the enumeration of such cases shall not be deemed to prevent the recommendation of other proper variations. (1) Granting or permis-

sion to devote premises in a residence or apartment district to a non-conforming A or C use, except a billboard, in a block or in a block directly across the street from a block in which there exists a non-conforming A use or C use respectively of a similar nature," etc.

Appellee Charles J. Bour had a one-half interest in the property in question from December 24, 1924, to February 27, 1928. Three months later the property was conveyed to Bour's wife and so held until September 15, 1931, when Bour acquired a beneficial interest in the premises under a deed in trust to the Chicago Title and Trust Company. On November 24, 1931, Bour filed an application with the board of appeals requesting said board to recommend a variation from the requirements of the zoning ordinance. The board of appeals held a public hearing upon the application and made the following findings: "That in this case there is a similar non-conforming use directly across the street from the premises affected; that the premises affected are situated on a street upon which street cars are operated, and that applicant should be granted relief under section 28, paragraph 1 of the zoning ordinance on grounds of particular hardship on condition that all permits necessary for the erection of the proposed use shall be obtained within six months and all work completed within twelve months after the passage of an ordinance by the city council as recommended herein." The board further recommended the adoption of an ordinance providing for such a variation and ordering and directing the commissioner of buildings to issue a permit to Bour for the erection of a gasoline station at the southeast corner of Sixty-seventh street and Jeffrey avenue. On December 29, 1931, the resolution and recommended ordinance were referred to the city council committee on building and zoning. This committee held a public hearing, and on January 28, 1932, recommended the passage of the proposed ordinance. On February 10, 1932, an ordinance was passed which pro-

vided that the original zoning ordinance should be varied in conformity with the findings and recommendations of the board of appeals. The ordinance further directed the commissioner of buildings to issue a permit to Bour to erect such gasoline station. The permit was issued on May 5, 1932, the station was subsequently erected and is in operation at the present time.

It will be observed that the appellants made no application for a temporary injunction to prevent the issuance of the permit for the erection of the gasoline station although the bill was filed prior to the time the permit was issued.

Appellants contend that the variation ordinance passed on February 10, 1932, permitting the erection of the gasoline station is unconstitutional and void because it was not made in consideration of any public purpose.

It is primarily the province of the municipal body to which the zoning function is committed, to draw the line of demarcation as to the use and purpose to which property shall be assigned or placed, and it is neither the province nor duty of courts to interfere with the discretion with which such bodies are vested, in the absence of a clear showing of an abuse of that discretion. (*Minkus* v. *Pond,* 326 Ill. 467; *Michigan-Lake Building Corp.* v. *Hamilton,* 340 id. 284; *Speroni* v. *Board of Appeals,* 368 id. 568.) Whether the action of the city council in passing the variation ordinance was an unreasonable, arbitrary or unequal exercise of power may be fairly debatable. Yet in such instances we have established the rule that this court will not substitute its judgment for that of the legislative body charged with the primary duty and responsibility of determining the question. *Zahn* v. *Board of Public Works,* 274 U. S. 325; *Forbes* v. *Hubbard,* 348 Ill. 166; *Minkus* v. *Pond, supra.*

Under these authorities a decision of this case depends primarily on the facts, and these have been passed upon by five different agencies created for that purpose: First, by

the board of appeals; second, by the subcommittee of the city council; third, by the city council, itself; fourth, by the master in chancery, and, fifth, by the chancellor. There is no contention that either fraud, perjury or lack of opportunity to be heard intervened in any of these proceedings. These agencies have all concurred in a finding of ultimate fact, that the situation presented a particular hardship from which the appellee was entitled to relief. This relief was granted by the city council in strict conformity with the provisions of the Zoning act, and the circuit court did not err in dismissing the bill for want of equity.

The decree is affirmed.

*Decree affirmed.*