(No. 34046.—

DR. ROBERT REITMAN *et al.*, Appellees, *vs.* THE VILLAGE OF RIVER FOREST *et al.*, Appellants.

*Opinion filed September 25, 1956—Rehearing denied Nov. 19, 1956.*

CHARLES L. MICHOD, and TAYLOR, MILLER, BUSCH & MAGNER, both of Chicago, (RICHARD F. BABCOCK, and THOMAS P. SEGERSON, of counsel,) for appellants.

GROSSMAN & GROSSMAN, of Chicago, (SAMUEL GROSSMAN, and LESTER N. GROSSMAN, of counsel,) for appellees.

Mr. CHIEF JUSTICE KLINGBIEL delivered the opinion of the court:

Robert Reitman and his wife, the owners of a lot in the village of River Forest, brought a declaratory judgment action in the circuit court of Cook County to construe certain zoning provisions or, in the alternative, to declare them unconstitutional and void. Evidence was taken before

a master, who recommended that relief be denied. The plaintiffs' exceptions were sustained, and the report was disapproved. The court found both that the ordinance "does not lend itself to the interpretation" urged by the defendants, and that "as interpreted" by them it is invalid and unconstitutional in its application to plaintiffs' property. Judgment was entered declaring the provisions unconstitutional "as construed by the officials of said Village, when applied to the land of the plaintiffs." Defendants appeal directly to this court, the trial court having certified that the validity of a municipal ordinance is involved and that the public interest requires the appeal to be so taken.

The lot in question, acquired by plaintiffs in 1954, has a frontage of 42 feet on Park Avenue and a depth of 185 feet. It is located in a choice residential area zoned for single-family homes; and expensive residences adjoin the lot on both of its sides. Plaintiffs desire to erect thereon a single story ranch style home, with the narrow dimensions facing the street. Under defendants' interpretation of the ordinance provisions hereinafter set forth, a minimum of one fifth of an acre is required for each single-family residence. The area of plaintiffs' lot is about 11 per cent less than this minimum. The other lots in this vicinity are substantially larger in area and in width. Every dwelling house within a thousand feet of the subject property is located on at least one fifth of an acre. Residences to the north and south are 30 feet in depth whereas the plaintiffs' proposed structure would have a 75-foot depth, leaving 45 feet protruding beyond the rear line of neighboring houses. Evidence in the record indicates that in the administration of the ordinance it has been consistently construed to require at least one fifth of an acre for each single-family residence.

The plaintiffs applied for a variance before the Zoning Board of Appeals. The application was denied, and they thereupon filed this action for a declaratory judgment. It

is argued on the merits that the ordinance as properly construed requires at least one fifth of an acre for each single-family dwelling, and that as so construed it is a valid exercise of the police power.

Insofar as it is involved here the ordinance provides that "No dwelling house shall hereafter be erected or altered to accommodate more than five (5) families on any acre of land nor make provisions for more than a proportional number of families on a fractional part of any acre of land. The maximum number of families which may hereafter be housed on any plot of ground shall not exceed the integral number obtained by multiplying the acreage of such plot, exclusive of the area within street lines, by five (5); provided, however, that the limitation imposed by this paragraph shall not prohibit the erection of a dwelling arranged or designed for the use of only one family on a lot shown as such on a recorded plat in the Recorder's Office of Cook County, Illinois, at the time that this ordinance takes effect and containing an area of less than one-fifth of an acre." In ascertaining the meaning of an ordinance, the applicable rules of construction are the same as those which apply in construing statutes. (*Dean Milk Co.* v. *City of Chicago*, 385 Ill. 565.) As in the case of statutes, the primary object is to ascertain and give effect to the intention of the law-making body as disclosed by the language used. (*City of Nameoki* v. *City of Granite City*, 408 Ill. 33.) While the present provisions are awkward and inartfully drawn, the intent is evident to require at least one fifth of an acre for each single-family dwelling. After limiting each acre to five family dwellings, the ordinance prohibits any more than a proportional number on a fractional part of any acre. Since the fractional part involved here is less than one fifth, the proportional number would be less than one. This conclusion is re-inforced by the further provision that "The maximum number of families which may hereafter be housed on any plot of

ground shall not exceed the integral number obtained by multiplying the acreage of such plot \* \* \* by five." Application of this formula also requires that plaintiffs' residence must have at least one fifth of an acre.

Plaintiffs urge a construction that would limit the application of this latter provision to land which was unsubdivided at the time the ordinance became effective. They argue that the term "plot of ground" refers in this case to the block in which plaintiffs' lot is situated, and not to the individual lot. The meaning of the word "plot" as it appears in an ordinance is governed by the sense in which it was used by the legislative body. (*Jennings* v. *Calumet National Bank,* 348 Ill. 108.) We find nothing in the language of the ordinance, or in its evident purpose to limit intensity of use, which supports plaintiffs' construction. The concluding proviso of the ordinance, excepting from its limitations the use of "less than one-fifth of an acre" for a single-family dwelling where the lot was shown on a recorded plat at the time the ordinance took effect, shows an intent to prohibit such use unless the lot was so shown and recorded. It is not contended that plaintiffs' lot qualifies under the "grandfather" clause.

Defendants urge further that the trial court erred in declaring unconstitutional the ordinance provisions as construed herein. To sustain the judgment plaintiffs merely assert their conclusion that "refusal to issue the requested building permit makes plaintiffs' property utterly worthless." No attempt is made to show an absence of any relationship to public health, safety or welfare; nor do plaintiffs point to any evidence of the extent to which the market value of the lot is impaired. They rely solely upon the inference that "if it cannot be utilized for the erection of a home, then it has no value." This, we think, is not enough to sustain the burden of proof resting on one who assails the validity of an ordinance. To overcome the presumption of validity, it is encumbent upon the property

owner to prove by clear and affirmative evidence that the restriction is arbitrary and unreasonable. *First National Bank of Lake Forest* v. *County of Lake,* 7 Ill.2d 213.

The present provisions were in effect for some 32 years prior to the plaintiffs' purchase. The 42-foot lot which they now own came into existence in 1928, when one who then owned 98 feet of frontage conveyed the south 56 feet thereof. At that time the area requirement had already been in existence for six years. It is not contended that the former owner could have avoided the requirement by conveying a portion of his lot and then insisting that as applied to the remainder the ordinance is invalid. Such a contention, if upheld, would render ineffective all attempts to regulate lot areas. But the plaintiffs here cannot acquire greater rights than those of their predecessor in title. They stand in the place of their grantor and are estopped by acts of their predecessor in title which would have estopped him from contesting the validity of the ordinance. Cf. *Harmon* v. *City of Peoria,* 373 Ill. 594, 602; *Forbes* v. *Hubbard,* 348 Ill. 166, 175-176.

In any event this court cannot say the ordinance has no reasonable relationship to legitimate objects of the police power. As the Massachusetts Supreme Judicial Court observed in *Simon* v. *Town of Needham,* 311 Mass. 560, 42 N.E.2d 516: "The establishment of a neighborhood of homes in such a way as to avoid congestion in the streets, to secure safety from fire and other dangers, to prevent overcrowding of land, to obtain adequate light, air and sunshine, and to enable it to be furnished with transportation, water, light, sewer and other public necessities, which when established would tend to improve and beautify the town and would harmonize with the natural charcteristics of the locality, could be materially facilitated by a regulation that prescribed a reasonable minimum area for house lots."

We conclude that the ordinance provisions in dispute,

when properly construed, require an area of at least one fifth of an acre for a home, and that as so construed they are not arbitrary or unreasonable in their application to the plaintiffs' property. The judgment of the circuit court is reversed and the cause is remanded with directions to enter judgment for defendants in accordance with the views herein expressed.

*Reversed and remanded, with directions.*