(No. 34285.—

EMIL J. HONECK, Appellee, *vs.* THE COUNTY OF COOK, Appellant.

*Opinion filed November 20, 1957.*

BENJAMIN S. ADAMOWSKI, State's Attorney, of Chicago, (L. LOUIS KARTON, FRANCIS X. RILEY, GORDON B. NASH, and CHARLES D. SNEWIND, of counsel,) for appellant.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

The appellee, after exhausting his administrative remedies, (see *Bright* v. *City of Evanston,* 10 Ill.2d 178,) filed a complaint in the circuit court of Cook County for a declaratory judgment that the Cook County zoning ordinance

as applied to his property is confiscatory, unreasonable and illegal and is unconstitutional, invalid and void, and amounts to a taking of property without due process. Said court held such ordinance void and invalid as applied to appellee's property and this proceeding is an appeal from said judgment. The appellee in this case does not favor us with a brief, and we do not know what his arguments are in support of the judgment of the lower court. However, we have examined the brief of the appellant and the abstract submitted therewith, and have endeavored to give consideration as far as possible to the various contentions of the appellee in the lower court.

The appellee's property is located in Lyons Township, Cook County, 300 feet south of 79th Street and 600 feet west of Wolf Road. It is rectangular in shape, being 660 feet wide (east to west) and 990 feet long (north to south) and consists of thirteen and a half acres of land.

The material sections of the Cook County zoning ordinance adopted August 20, 1940, of concern here are sections 4, 5, 6 and 8. Section 4 under which the appellee's land is classified as an R-1 district (residence-5 acres) and provides, among other things, that the appellee's property can be used for single-family residences on a building plot not less than 300 feet in width and five acres in area. Section 5 classifies other lands in the area where appellee's land is located as R-2 district (residence-40,000 square feet) and provides that said land may be used for single-family residences on a building plot not less than 150 feet average width and 40,000 square feet in area. Section 6 classifies other land in the area as R-3 district, where single-family residences may be located on plots not less than 100 feet average width and 20,000 square feet in area. Other lands in the area are classified as R-8 district, which provides that the land therein classified may be used as the lands in R-2 district and certain additional uses.

The appellee's land is classified by the terms of said ordinance as R-1 (residence-5 acres) that is, that said land may be used for single-family purposes on not less than five-acre plots. He seeks to have the classification of his thirteen and one-half acres changed so that said lands may be sold in plots of less than five acres.

One of the first contentions of the appellee in his complaint is that the classification of his property in five acres is not in keeping with the character of other properties in the area.

The undisputed evidence in the record is that the appellee owned the subject property and knew of the passage of the ordinance in 1940 and made no objection as to the classification thereof. It is also undisputed that the appellee's acreage and that to the south and west are zoned R-1. The surrounding land south of 79th Street and west of Wolf Road, being north and east of this thirteen-and-a-half acre tract, is zoned R-2. This R-2 zoned area constitutes a "buffer" between the R-1 zoned area and the area north of 79th Street west of Wolf Road zoned R-3, single-family residences on lots 20,000 square feet in area, the property east of Wolf Road being zoned F-Farming which may be utilized for residence purposes as R-3 areas and certain farm uses. The property in the immediate area in the R-2 district is zoned as acre property, which is of importance in determining whether the classification is arbitrary. *People ex rel. Alco Deree Co.* v. *City of Chicago,* 2 Ill.2d 350; *LaSalle National Bank* v. *City of Chicago,* 6 Ill.2d 22, 29.

The appellee, however, apparently is not objecting to the classification of the subject property as residence property, but rather because it is not so classified that the same may be sold as residence property in areas not to exceed 40,000 square feet, that is, in tracts of one acre. In support of this he presented evidence in the court below that

the highest and best use of the subject property was for residence tracts of one acre or less. He testified, as did other witnesses, that as five-acre tracts the land was worth $1000 per acre, based upon an offer made to him 8 years ago, although the property had been for sale during the last ten years. Testimony was also produced to the effect that other property classified in one-acre tracts in the immediate areas west of Wolf Road and north of 79th Street sold as high as $6000 per acre. He testified further that there is no ready market for five-acre tracts in that vicinity. It is true that in determining whether the purported exercise of the police power is unreasonable and confiscatory the degree to which values are diminished by the restriction of the ordinance must be considered, yet the fact that the property may be more valuable if zoned for other use is not decisive, as this fact exists in nearly every case where the intensity with which property may be used is restrained by zoning laws. *First National Bank* v. *County of Lake,* 7 Ill.2d 213.

However, the appellant in this case also produced testimony to the effect that the highest and best use for said property is not as residence property of one acre or less, but rather as five-acre tracts as presently classified. The testimony is that the land is hilly, rolling, and full of ravines, and not suited to be classified as claimed by the plaintiff. Also the testimony shows that there is a ready market for five-acre tracts of land and the property is readily salable as classified.

It is clear, therefore, that there are factors which point in each direction. The court will in such a situation uphold the ordinance. Where there is room for fair difference of opinion concerning the reasonableness of the zoning classification the legislative judgment of the zoning body will be upheld. *Williams* v. *Village of Schiller Park,* 9 Ill.2d 596; *People ex rel. Alco Deree Co.* v. *City of Chicago,* 2 Ill.2d

350; *Miller Brothers Lumber Co.* v. *City of Chicago,* 414 Ill. 162.

There is also a presumption of validity of a zoning classification. (*Rams-Head Co.* v. *City of Des Plaines,* 9 Ill.2d 326; *Krom* v. *City of Elmhurst,* 8 Ill.2d 104.) To overcome this presumption the property owner seeking to prove the invalidity must prove by clear and affirmative evidence that the restriction is arbitrary and unreasonable. (*Reitman* v. *Village of River Forest,* 9 Ill.2d 448.) Certainly in the state of the record in this case it can not be said that the appellee made the necessary proof required by law.

From an examination of the proof in this case we do not find that the appellee challenges the concept of zoning here nor the constitutionality of the ordinance generally or its administration. Therefore, it is not necessary to discuss that question. The judgment of the circuit court of Cook County is reversed.

*Judgment reversed.*