Builders Supply and Lumber Company, Plaintiff-Appellee, v. Village of Hillside, and Theodore Zaggy, Defendants-Appellants.

Gen. No. 47,883.

First District, Third Division.

May 25, 1960.

John J. Dillon, Thomas A. Matthews, and Byron S. Matthews, of Chicago, for defendants-appellants.

Hoellen and Willens, of Chicago (Sherwin Willens and Floyd B. Manilow, of counsel) for plaintiff-appellee.

MR. JUSTICE BURKE delivered the opinion of the court.

This is an appeal from a summary judgment directing that a writ of mandamus issue against defendants requiring them to issue two permits to construct single family residence buildings in Hillside. The facts are drawn from the pleadings, affidavits and exhibits.

Plaintiff owns two tracts of land in the village, described as parcel 1 and parcel 2. Each was conveyed to it during 1958. Plaintiff applied for a permit to build a single family residence on each tract, but no permit was issued because neither tract had the 6,200 square feet area and 50 feet frontage specified as a minimum for a site for a building in the last paragraph of Section 3 of the Zoning Ordinance adopted in March, 1948.

Parcel 1 now consists of a part of lot 1 in block 5 of a subdivision, which lot was platted prior to 1948. In 1949 about one-third of lot 1 was conveyed to Cook County. After this conveyance parcel 1 contained approximately 4,114 square feet with a frontage of 44 feet. The conveyance to the County was made by plaintiff's predecessor in title, who received in payment therefor $433.48 for the land taken and $303.50 as damages to the part of the land not taken. This lot originally had an area of 7,040 square feet.

Parcel 2 is a lot 25 feet wide and 125 feet deep and has an area of less than the 6,200 square feet minimum prescribed by the ordinance. This parcel is lot 28 in Golf Manor, platted prior to 1948. Plaintiff acquired it through one who bought the lot at a sale in 1956 for nonpayment of special assessments. Each tract is located in a block entirely built up with new single family houses on sites in excess of the minimum area and frontage prescribed by the Zoning Ordinance. The average value of these houses is $18,000. It is alleged that the construction of a building on either parcel would have a harmful effect on the value of the neighboring property and would be detrimental to the welfare of the residents of the village. In the trial court the defendants did not raise any issue as to the sufficiency of plaintiff's complaint.

Defendants insist that the court erred in its judgment because there was no showing of compliance with the ordinances. We shall first consider the rights

of the parties in parcel 1. This parcel platted as lot 1 in block 5, was originally 44 feet wide and 124′ 1-7/8″ deep. Since it was platted prior to the adoption of the Zoning Ordinance in 1948, a residence building can be built on this lot even though it did not have the 50 feet frontage required by Section 3 of the Zoning Ordinance. Plaintiff now owns only a portion of lot 1 containing about 4,114 square feet. About one-third of what was platted as lot 1 was conveyed in 1949 to plaintiff's predecessor in title after notice that the County intended to commence condemnation proceedings to acquire it for highway purposes.

We accept the statement of plaintiff that the conveyance of a portion of lot 1 to the County was not a voluntary conveyance and resulted from the compulsion of a condemnation action by the County. Plaintiff asserts that the exception in the Zoning Ordinance, permitting one dwelling to be erected in a smaller area if the lot had been officially platted prior to the enactment of the ordinance, applies to the property and not to the ownership thereof, and says that the limitations which defendants seek to impose upon use of the lot are not set forth in the Zoning Ordinance and were not contemplated in its drafting.

■ Plaintiff does not own lot 1 in block 5 as it was platted prior to the adoption of the Zoning Ordinance. It only owns a part of that lot, much smaller than the minimum size prescribed by the ordinance for a residence site. Parcel 1 is not a lot platted prior to 1948. It is about two-thirds of that lot and does not come within the exception for the minimum area. It will also be noted that the location of the proposed building on parcel 1 would have a setback of only 20 feet, whereas the Zoning Ordinance requires a 40 foot setback. Plaintiff's predecessor in title was paid for the land taken and he was also paid for the damage caused by reducing the area of the lot to a size too small to be a site for a residence. We are of the opinion

that the predecessor could not have built on it and neither can the present holder. See Reitman v. Village of River Forest, 9 Ill.2d 448, 137 N.E.2d 801.

Parcel 2 is the lot 25 feet wide with an area less than the prescribed minimum. This lot was platted and recorded prior to the adoption of the Zoning Ordinance. It is the only unimproved tract in the block. All other parts of the block are improved with new houses on sites having at least 50 feet frontage and 6,200 square feet. Defendants urge that one who holds title to real estate through a tax foreclosure does not have the rights of the predecessor in title, and that his rights are solely those acquired at the foreclosure sale. They argue that the rights of the former owner, protected by the exemption of the last paragraph of Section 3 of the Zoning Ordinance, were extinguished by the foreclosure and sale for delinquent taxes, and that upon purchase at the foreclosure sale the buyer took it subject to the minimum size restrictions of the Zoning Ordinance.

██ ██ We agree with the plaintiff that the tax foreclosure in no way affects the rights of an owner to build upon a lot of record acquired through the foreclosure proceedings. The parties agree that parcel 2 was platted and recorded prior to the adoption of the Zoning Ordinance, and that the ordinance provides that a dwelling may be erected on a lot smaller in area if such lot shall have been officially recorded by plat or conveyance prior to the enactment of the ordinance. A purchaser who takes title to real estate through a tax title acquires no better title than the prior owner had; conversely, he does not acquire a lesser title than the prior owner had. If defendants' theory were adopted, an additional burden would be placed upon land. For the purpose of the Limitations Act, a title holder is defined as one "who holds title to real estate by will or descent from any person who held the title of record to such real estate at the date of his death, or *who*

462

*holds title by decree or order of any court or by deed issued pursuant thereto, i.e.,* by trustee's, trustee's in bankruptcy, conservator's, guardian's, executor's, administrator's, receiver's, assignee's, master's in chancery, or sheriff's deed *shall be deemed to hold chain of title the same as though holding by direct conveyance."* Sec. 12.1, Ch. 83, Ill. Rev. Stat. 1959. (Italics ours.)

For the reasons stated the judgment is affirmed as to lot 28 in block 1 in Golf Manor, being Parcel 2, and is reversed as to lot 1 in block 5 (except that part taken for toll road) of Vendley & Company's Second Addition to Hillside Acres, being Parcel 1.

Judgment affirmed in part and reversed in part.

BRYANT, P. J. and FRIEND, J., concur.