(No. 37260█

FLORENCE V. GALPIN, Appellee, *vs.* THE VILLAGE OF RIVER FOREST *et al.,* Appellants.

*Opinion filed Nov. 30, 1962.—Rehearing denied Jan. 28, 1963.*

CHARLES L. MICHOD, of Chicago, for appellants.

RICHARD G. RAYSA, of Chicago, for appellee.

Mr. JUSTICE UNDERWOOD delivered the opinion of the court:

Defendants, the village of River Forest and its building commissioner, appeal directly from a declaratory judgment entered in the superior court of Cook County declaring the village zoning ordinance unconstitutional as applied to plaintiff's property. The trial judge certified that this case involved the validity of a municipal ordinance and that the public interest requires a direct appeal to this court (Ill.

Rev. Stat. 1961, chap. 110, par. 75(1)(c),) and, accordingly, this court has jurisdiction.

Defendants contend that the minimum requirement of one-fifth of an acre per single-family residence lot as set forth in sections 13 and 35.11 of the 1922 and 1959 zoning ordinances of the village of River Forest is constitutional; that since plaintiff's property includes only 6287.5 square feet, or 20% less than the 8712 square feet required for each single-family dwelling, the village authorities properly denied plaintiff a variation from the ordinance.

There are no questions raised on the pleadings. All administrative remedies have been exhausted.

Plaintiff's residence which, including the subject parcel, has a frontage of 100 feet on Monroe Avenue is located on the northwest corner of Monroe Avenue and Quick Avenue in River Forest. The tract in question has a frontage of 50 feet on the west side of Monroe Avenue, is 125.75 feet in depth, and lies directly north of and contiguous to, the residence lot for which it has served as a sideyard since 1872. It is located in a Class "A" use district (single-family dwelling). The residence property was converted to a two-family structure in 1915 prior to enactment of the zoning ordinance. There is on the rear of the subject parcel a single-car frame garage which was erected in 1913, having its driveway entrance on Quick Avenue, the first street to the south. Since 1915, the garage has been used by plaintiff for storage of her car. The village of River Forest is located 10 miles west of the Chicago Loop just west of Oak Park, has a population of about 12,500 and a land area of approximately four square miles. The area immediately surrounding this tract is zoned single-family and contains substantial one-family dwellings, ranging in value from $27,500 up to $65,000.

Plaintiff testified that she would either have her son build a house on the property or sell it if the court granted her the relief she sought, and testified that the tract has been

taxed separately as a lot for special assessments and for general taxes on an improved basis since 1920. The property has been used by the plaintiff as a site for her garage, a lawn and a sideyard for recreational purposes and for a garden. Plaintiff also stated that she wanted to sell the parcel as she finds it is a burden to keep it up and looking presentable "in this high class neighborhood of ours."

A real-estate broker testified for plaintiff that the highest and best use of the property was for the erection of a single-family dwelling, that the value would be around $10,000 to $12,000 for such single-family use, and that, if it could not be improved with a dwelling, the additional value to plaintiff's residence property would be only $1,000 to $2,000. This witness testified that the erection of a single-family dwelling could increase the taxable land values, and that such use would not diminish light and air nor adversely affect the values of adjoining propery, public health, comfort, or general safety. This broker also testified that there were homes in the immediate area that are built upon lots that are less than one-fifth of an acre and that River Forest was completely developed with no possibility of future annexations to the village.

A real-estate appraiser also testified, corroborating the broker as to values and uses. His testimony indicated the presence of 12 to 14 single-family dwellings in the 600 block of Monroe Avenue north of 610 Monroe, a two-family use structure adjoining the subject property on the north, all of the single-family dwellings being "high grade" and " of a good mixture." He further testified to the presence of some old, small dwellings in the 700 block of Monroe built on lots smaller than one-fifth acre, and agreed that there was a valuation differential of $6,000 to $8,000 between the subject parcel as a separate tract and its value to plaintiff as a part of her residence property.

A real-estate broker testified on behalf of defendants detailing the price of sales of property in the immediate vi-

cinity which ranged from $27,500 to $50,000; he described the immediate area as being a single-family residence area, and characterized River Forest as primarily a single-family residential community with a very low percentage of multiple dwellings and having homes ranging from $17,000 to a quarter of a million dollars in value. He also testified that 2500 families lived in River Forest, that it had a population of 12,000 and, in addition to public schools, there are three small colleges located in the village. This witness stated his opinion that if plaintiff received the relief she was requesting, it certainly would not help the immediate property or the community, and he stated the highest and best use of the subject property would be as a sideyard as it has been used.

Since first adopted in 1922, section 14 of the River Forest zoning ordinance has always required 8712 square feet or a minimum of one-fifth of an acre for each single-family residence. The 1959 zoning ordinance of River Forest contains the same requirement. An exception permits the erection of a single-family dwelling on a lot containing less than one-fifth of an acre if it was shown as such on a recorded plat in the recorder's office at the time the 1922 ordinance became effective. Plaintiff maintains the property was so shown, but an inspection of the record reveals the contrary. It is true that a recorded subdivision, including the block of which this property is a part, is shown, but on such plat the entire block is divided into two lots: lot 2 consists of the property, 50′ x 125.75′, now occupied by plaintiff as her residence; the balance of the entire block is described and shown as lot 1. There is nothing in this record to indicate that the parcel here in question has ever been platted, conveyed or referred to by lot number or other than as a small part of a larger tract. Clearly this does not bring it within the exception provided by the ordinance.

The zoning board of appeals found and reported that granting the variation would make the lot on which the residence at 600 Monroe Avenue is situated substandard and

nonconforming as it would be 28% less than the one-fifth of an acre requirement; that the variation would tend to depreciate the character of the single-family residential area, would bear no substantial relationship to the public health, safety, morals and welfare and would be of no benefit to the village; that such a variation would not be desirable from the standpoint of conservation of taxable land values in the village, and, further, that there were no practical difficulties or particular hardships involved in applying the provisions of the zoning ordinance to the real estate in question. This report was confirmed and the variation denied by the president and board of trustees of the village.

In addition to claiming exemption under the "grandfather" clause, plaintiff maintains that the minimum lot restriction in the zoning ordinance as applied to her property bears no relationship to public health, welfare or safety and submits that the trial court, after hearing the evidence, so found; and that the attempt by the village to apply the one-fifth-of-an-acre restriction to the subject property results in no gain to the village or the public and a very substantial loss to the plaintiff.

Defendants rely upon *Reitman* v. *Village of River Forest,* 9 Ill.2d 448, wherein this court determined that the one-fifth-of-an-acre provision was not arbitrary or unreasonable and cite many cases from other jurisdictions where minimum lot requirements have been sustained. Defendants submit that the requirement of one-fifth of an acre is reasonable as applied to plaintiff's real estate, arguing that without minimum lot controls, traffic congestion would increase, fire and other dangers would increase, overcrowding of land would result, adequate light, air and sunshine would be impaired and public necessities, such as water, light and sewer services, would be overburdened, resulting in an adverse effect on the public health, morals, safety and general welfare. They also assert that zoning ordinances are presumed to be valid and the burden is upon the plaintiff to

overcome that presumption by clear and convincing evidence and submit that the trial court erred in not applying this rule of presumptive validity.

Plaintiff argues that the presumption of validity of zoning ordinances is overcome when it is shown that there is no reasonable relationship to public health, welfare and safety requiring that the restriction be imposed upon the property and that, as applied to real estate, a lot is a term of indefinite meaning and must be interpreted with due regard to subject matter and circumstances

Our pronouncements have emphasized the principle of presumptive validity of zoning ordinances, the degree of proof required to overcome the presumption and the factors to be considered in determining the validity of such ordinances. (*Hartung* v. *Village of Skokie,* 22 Ill.2d 485; *La Salle Nat. Bank of Chicago* v. *County of Cook,* 12 Ill.2d 40.) This court has approved minimum lot area limitations. (*Honeck* v. *County of Cook,* 12 Ill.2d 257; *Cosmopolitan Nat. Bank of Chicago* v. *City of Chicago,* 22 Ill.2d 367.) Financial loss to plaintiff is only one of many factors to be considered. *Bolger* v. *Village of Mount Prospect,* 10 Ill.2d 596.

We have carefully reviewed this record in the light of the relevant principles enunciated in the cases above cited. It is clear that the village of River Forest has been developed with many highly valued improvements on lots of more than ordinary size and that it may fairly be characterized as an exclusive residential area in which there has been little or no change in use since the adoption of the 1922 ordinance. The character and use of the property in the area here generally conform to the zoning.

Plaintiff now owns two separate but contiguous tracts, which have for decades been used as a unit with a residence structure on one and the other serving as a sideyard, lawn and garden. As a unit the area more than meets the ordinance requirements. Plaintiff seeks to transform this

situation into two separately owned residential properties both substandard in area.

At best, plaintiff's arguments present a debatable question which should be resolved in the forum provided by the ordinance for variations. Judicial interference with decisions so reached must be restricted to those situations where a clear abuse of such power is shown. (*Morgan v. City of Chicago*, 370 Ill. 347; *People ex rel. Miller v. Gill*, 389 Ill. 394, 402; *First Nat. Bank of Lake Forest v. County of Lake*, 7 Ill.2d 213; *Jacobson v. City of Evanston*, 10 Ill.2d 61, 69.) No such arbitrary action appears here, and the plaintiff has not sustained the burden of overcoming the presumption of validity of the zoning ordinance.

The judgment of the superior court of Cook County is therefore reversed.

*Judgment reversed.*