THE CITY OF CHILLICOTHE, Plaintiff-Appellant, *v.* JOSEPH M. STOECKER *et al.*, Defendants-Appellees.

Third District    No. 77-466

Opinion filed March 31, 1978.

SCOTT, J., dissenting.

Vonachen, Cation, Lawless, Trager & Slevin, of Peoria (Thomas H. Trager and Gregg N. Grimsley, of counsel), for appellant.

Joseph M. Stoecker, of Chillicothe, for appellees, *pro se.*

Mr. JUSTICE STOUDER delivered the opinion of the court:

This appeal is from the judgment of the circuit court of Peoria County, ordering the temporary restraining order entered in favor of plaintiff, City of Chillicothe, be dissolved and denying plaintiff's request for a permanent injunction. The court also fined defendants $50 for undertaking certain building activity in violation of the court's temporary restraining order.

The underlying action was brought by plaintiff-appellant, City of Chillicothe, to enjoin the alleged violation of plaintiff's zoning ordinance by defendants, Joseph M. Stoecker and Marilyn E. Stoecker, following defendants' partial construction of a building without the required building permits. The trial court found the applicable zoning ordinance was unconstitutional as applied to the property of defendants for the reason that as applied it resulted in a deprivation of property without due process of law and condemnation without compensation. The court's reasoning was that the city of Chillicothe had in effect said "* * * the only thing you can do with this lot is to use it for residential purposes, but it's too small and we are not going to allow you to build a residence on it."

We note at the outset appellees, Joseph and Marilyn Stoecker, have

failed to file briefs in this appeal. However, the simplicity of the record and the nature of the alleged error permit us to decide the merits of the case without the aid of an appellees' brief. (*First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 345 N.E.2d 493.) Defendant did have trial counsel.

The only issue on this appeal is whether the application of the single-family residential zoning (R-I) ordinance requiring a 60-foot lot with a 7500 minimum square footage and a 25-foot setback, constituted an unconstitutional taking of property without just compensation. Prior to November 1968, the subdivision in which this lot is located was platted within the village limits of the village of North Chillicothe. All the lots so platted were 25 feet wide. On November 8, 1968, plaintiff annexed the village of North Chillicothe, and thus rendered the subdivision subject to the R-I zoning requirements. On November 1, 1976, defendants purchased the lot in question for $1500. This lot is only 25 feet wide and contains 3550 square feet and was vacant at the time of the purchase. On November 26, 1976, defendants applied for a building permit to enable them to construct a single-family dwelling on this lot. On the reverse side of the application for the building permit, defendants indicated the proposed distance between the building and the street was 7 feet. On December 2, 1976, the zoning officer for the City of Chillicothe denied the application and noted the lot contained less than 7500 square feet, was less than 60 feet wide, and had an insufficient setback from the street bordering the property. Defendants at no time have ever received a building permit, a variance, a certificate of occupancy, or a certificate of completion with regard to this lot. Toward the end of March 1977, defendants started construction. On April 23, 1977, the city of Chillicothe filed a complaint to enjoin the construction and to require defendants to remove the structure under construction on the grounds that defendants were in violation of the zoning ordinance. On plaintiff's motion, a temporary restraining order was issued on April 26, 1976, requiring defendants to cease construction on the premises. This order was in continuing force and effect until August 22, 1977, at which time the court entered its order dissolving the injunction and finding the ordinance unconstitutional as applied. The court also, as noted above, fined defendants for violating the temporary restraining order.

Plaintiff presented evidence regarding the character of the neighborhood. Both a city zoning officer and the mayor, who was a former councilman, testified no building permit had ever been issued for lots containing only a 25-foot frontage. A police officer familiar with the neighborhood testified there were only eight homes on the same side of the block where defendants' home is located, and only five homes immediately across the street. A plat of this area shows 17 lots each on defendants'

side of the street and across the street. The police officer testified this pattern was prevalent in the area. Defendants testifed a neighbor had been issued a building permit, but no such permit was ever offered or received into evidence, nor was the alleged recipient called as a witness.

■■ Ordinances are presumptively valid and the burden of proving otherwise rests on the party attacking the ordinance. (*Tomasek v. City of Des Plaines*, 64 Ill. 2d 172, 354 N.E.2d 899; *City of Evanston v. Ridgeview House*, 64 Ill. 2d 40, 349 N.E.2d 399.) The party attacking an ordinance must establish by clear and convincing evidence that the ordinance, as applied to them, is arbitrary, unreasonable, and has no substantial relation to the public health, safety, or welfare. If this question is fairly debatable, then the legislative judgment of the municipality must be upheld. (*Grobman v. City of Des Plaines*, 59 Ill. 2d 588, 322 N.E.2d 443, *Exchange National Bank v. County of Cook*, 25 Ill. 2d 434, 185 N.E.2d 250, and *Jacobson v. City of Evanston*, 10 Ill. 2d 61, 139 N.E.2d 205.) We also note that in general minimum lot restrictions are permissible. *Galpin v. Village of River Forest*, 26 Ill. 2d 515, 187 N.E.2d 233, and *Reitman v. Village of River Forest*, 9 Ill. 2d 448, 137 N.E.2d 801.

In *Reitman v. Village of River Forest*, 9 Ill. 2d 448, 452, 137 N.E.2d 801, 803, the court stated "[t]o sustain the judgment plaintiffs merely assert their conclusion that 'refusal to issue the requested building permit makes plaintiffs' property utterly worthless.' No attempt is made to show an absence of any relationship to public health, safety or welfare; nor do plaintiffs point to any evidence of the extent to which the market value of the lot is impaired. They rely solely upon the inference that 'if it cannot be utilized for the erection of a home, then it has no value.' This, we think, is not enough to sustain the burden of proof resting on one who assails the validity of an ordinance. To overcome the presumption of validity, it is encumbent [*sic*] upon the property owner to prove by clear and affirmative evidence that the restriction is arbitrary and unreasonable."

■■ An examination of the record on this appeal shows, among other things, that the plat of this addition showed there were 17 lots on the side of the street where defendants' lot was located, and 17 lots across the street. Since there were eight homes on one side of the street and five on the other, the average home on that block was constructed on more than two lots. The mayor testified zoning requirements were necessary to protect the values of property in the neighborhood, and the mayor further testified he was concerned the action taken by these defendants might open the door to a dangerous precedent. After a careful examination of the entire record, we hold the evidence fails to show by clear and convincing evidence that the zoning ordinance as applied did not bear

any substantial relation to the public health, safety or welfare. Accordingly, the ordinance as applied is not unconstitutional.

■■ One other contention which we attribute to defendants on this appeal is that the damage suffered by them would serve to estop the city from applying the zoning ordinance here. We note the zoning ordinance was enacted in 1960 and the village of North Chillicothe was annexed, and therefore brought subject to this ordinance in 1968. The defendants bought the property in November of 1976 and continued to build in violation of the temporary restraining order, and without any building permit. Accordingly, we hold any damage suffered by defendants was a result of their own actions, and would not serve to estop the city from applying the zoning ordinance.

For the foregoing reasons, the judgment of the circuit court of Peoria County is reversed and remanded with directions to proceed in accordance with the views expressed herein.

Reversed and remanded with directions.

BARRY, P. J., concurs.

Mr. JUSTICE SCOTT, dissenting:

In this case I am constrained to dissent from the majority opinion. An examination of the record reveals that we have presented to us a very unique situation in that prior to 1968 the village of North Chillicothe had within it a subdivision known as Santa Fe Second Addition. The subdivision had been so platted that all lots contained therein were only 25 feet wide and 142 feet in depth. All the lots contained 3,550 square feet. To me it is noteworthy that the subdivision contained several hundred lots, all of which were identical in size.

On November 8, 1968, the plaintiff city of Chillicothe annexed the village of North Chillicothe and thus rendered it subject to the plaintiff's R-1 zoning requirements which had been enacted on November 4, 1960. The R-1 zoning classification required that all buildings constructed in an area so designated be single-family residential dwellings and that such dwellings be constructed on lots containing 7,500 square feet, at least 60 feet wide, and that there be a front yard depth of at least 25 feet.

The trial court found the plaintiff's zoning ordinance unconstitutional as it applied to the Santa Fe Second Addition in the city of Chillicothe. I agree with the trial court's determination, since it is patently clear that not a single lot in the entire Santa Fe Second Addition could meet the requirements of the R-1 zoning regulation. The defendants purchased Lot 17 in said addition which could only be used for a single-family residence

and required a 60-foot frontage. It was impossible for the defendants to meet the requirements of the plaintiff's zoning ordinance. As a result of the impossibility of the defendants to comply they were never granted a building permit or a variance. The plaintiff city did accept and retain the defendants' payment of $185 for sewer and water connections. The plaintiff city is attempting to enforce a zoning regulation which applies to every lot in the Santa Fe Second Addition to the city of Chillicothe when it well knows that compliance with the applicable regulations is an impossibility. Under such circumstances we can only be reminded of the old Latin maxim, *impossibilium nulla obligatio est*—there is no obligation to do impossible things.

It is true that some residences are built in the addition in question and apparently the zoning regulation pertaining to frontage and square footage was circumvented by the acquisition of more than one lot, yet it could well be asked, is this not too a violation?

The trial court stated as follows:

> "It is impossible under the ordinance to construct the residence on this lot so the City has in effect said to the Defendant, 'the only thing you can do with this lot is to use it for residential purposes, but it's too small and we are not going to allow you to build a residence on it.' Now, that's taking property without compensation and so in its application it is unconstitutional application as to this Defendant and as to this property and accordingly the Court finds the issues to be with the Defendant, and in favor of the Defendant * * *."

I subscribe to the sentiments expressed by the trial court, since I am of the opinion that the plaintiff's zoning regulations in the instant case reflect an unreasonable and arbitrary intermeddling with the private ownership and use of property.

The majority opinion relies on several cases in their determination that the plaintiff's zoning ordinance is constitutional. We first note the case of *Grobman v. City of Des Plaines* (1975), 59 Ill. 2d 588, 322 N.E.2d 443. In *Grobman* the zoning ordinance required an area of 6,875 square feet and a frontage of 55 feet in order to qualify for a building permit. The landowner possessed a 25-foot-wide lot with a total area of 3,150 square feet. Our supreme court held that the landowner failed to meet the burden of proving that the ordinance was unreasonable. I, however, cannot equate the case of *Grobman* with the instant case. In *Grobman* there was testimony that the average lot in the landowner's neighborhood had an area of 7,000 square feet and a frontage of 60 feet. In the instant case none of the lots in the Santa Fe Second Addition can meet the zoning requirements.

The majority opinion also relies on the case of *Reitman v. Village of*

*River Forest* (1956), 9 Ill. 2d 448, 137 N.E.2d 801. We note that in *Reitman* the landowner purchased a piece of property which at one time met the zoning requirement that the area be at least one-fifth of an acre; however, prior to the landowner Reitman's purchase of the property in question a previous owner had conveyed a portion of the lot so that the remainder was insufficient to meet the one-fifth of an acre test. Again we have an isolated case completely unlike the situation in the instant case.

For the reasons stated I believe that the judgment of the circuit court of Peoria County should have been affirmed.