People of the State of Illinois ex rel. Oscar Nelson,
Auditor of Public Account of the State of Illinois,
v. Homewood State Bank of Homewood, Illinois.
The Village of Homewood, Appellant, v. Homewood
State Bank of Homewood, Illinois and Charles H.
Albers, Appellees.

Gen. No. 39,853.

Opinion filed February 28, 1938. Rehearing denied March 14, 1938.

FRANK P. COWING, of Homewood, for appellant;
DANIEL S. WENTWORTH and ROBERT F. DEWEY, both of
Chicago, of counsel.

SAMUEL P. GURMAN, of Chicago, for appellee Charles
H. Albers.

MR. JUSTICE MCSURELY delivered the opinion of the
court.

The village of Homewood, Illinois, filed a petition in the above entitled cause, which involves the liquidation of the Homewood State Bank of Homewood, Illinois, seeking to establish a preferred claim in the sum of $44,882.94, the amount of public moneys of the Village in the bank on July 16, 1932, the date it ceased doing business; the petition was referred to a master, who took evidence and reported, recommending that the allowance as a preferred claim be denied but that it be allowed as a general claim; the circuit court approved the master's report and the Village appeals to this court.

The Village's position is that it passed an ordinance obligating any bank designated as a depository of funds of the village of Homewood to furnish a surety bond of not less than $25,000 to the Village, safeguarding the funds. The Village says that no such bond was furnished, therefore its deposits in the Homewood bank were unlawful and are impressed with a constructive trust—the bank holding the deposits as a trustee *ex maleficio*. The principal case relied upon is *People v. State Bank of Maywood*, 354 Ill. 519. That this is a correct statement of the general law may be conceded, but counsel for the receiver says that the required bond was furnished.

Henry Stolzenbach was the treasurer of the village of Homewood when the bank closed and had been continuously treasurer for about 35 years prior to that time; during all this time it was customary for Mr. Stolzenbach to carry in his own name with the Homewood State Bank deposits belonging to the Village; some of these accounts were opened by himself but most of them by his daughter Mamie, who seems to have acted as a deputy for her father in the performance of his duties as treasurer; almost every one of these accounts is in the personal name of Henry Stolzenbach; there was no mention in any of them of

the village of Homewood; Stolzenbach and his daughter drew on these accounts, although most of the depositing and drawing was done by the daughter, who signed her father's name to checks; both father and daughter testified that all the moneys in these accounts, although carried in the name of Henry Stolzenbach, belonged to the village of Homewood.

October 15, 1929, the Village by its trustees passed a resolution requiring that the Homewood State Bank furnish a surety bond of $25,000 to secure the deposits of the Village funds. A bond in the sum of $25,000 was furnished, executed by the Columbia Casualty Company of New York as surety, and Henry Stolzenbach, treasurer, as principal, running to the village of Homewood to secure the faithful performance of his duties as treasurer and an honest accounting for all moneys belonging to the Village that may come to his hands in his official capacity. The Homewood State Bank and its directors, called "Indemnitors," also furnished an indemnity bond, reciting that Henry Stolzenbach was the treasurer of the village of Homewood and the Columbia Casualty Company of New York had become surety on his bond, and that he had agreed to deposit in the Homewood State Bank moneys coming into his hands by virtue of his office. The indemnitors agreed to indemnify the treasurer and the Casualty Company against any loss sustained in consequence of the failure of the bank to pay, on legal demand, all moneys of the Village deposited. Henry Stolzenbach testified that he received this last bond in connection with the Village moneys that he carried in the Homewood State Bank. He also testified that he filed suits for the use of the village of Homewood on both bonds.

The bond, executed by the bank and its directors individually, was for the purpose of indemnifying the Village for all loss which it might sustain by reason of the failure of the bank to pay all moneys deposited to

its credit. Counsel for the Village argue that the bonds should have run to the village of Homewood rather than to its treasurer. Bearing in mind that the bank had no account in the name of the Village, it was proper that the bond should indemnify the treasurer, in whose name the Village accounts with the bank were kept.

Moreover, when the Village filed suits on these bonds it ratified them and accepted their benefits. It was admitted that the Village recovered a judgment against the bank directors in its suit on their bond for the entire amount of the Village deposits with the bank, plus interest, and apparently a compromise collection was made from a number of individual directors. Counsel for the receiver states that this judgment and its satisfaction is a matter of record in the superior court, and there is no denial of this. It is well settled that where a party has accepted the benefits of a contract he is estopped from denying the validity of the instrument by which these benefits came to him. *Lake St. El. R. Co. v. Carmichael,* 82 Ill. App. 344, 350; *Collins v. Cobe,* 104 Ill. App. 142, 145; *Gray v. Peoria Board of School Inspectors,* 231 Ill. 63.

The Village says that no financial statements were furnished by the bank to the Village as required by the statute. Mr. Stolzenbach testified that statements were sent to him by the bank. Statements were furnished to the Village when they were furnished to its treasurer.

Counsel for the Village mistakenly try to draw a dividing line between the village of Homewood on the one hand and Henry Stolzenbach, treasurer of the Village on the other, with respect to the bank deposits. The financial dealings between the Village and the bank were by the Village treasurer. The Village acted through him, the bank accounts were kept in his name and the bonds properly ran to indemnify him, and he was the proper person to receive the financial statements.

The order of the court approving the master's re-. port and ordering the dismissal of the claim for a preference was proper and it is affirmed.

*Affirmed.*

O'CONNOR, P. J., and MATCHETT, J., concur.