(No. 29181.—

THE PEOPLE *ex rel.* A. C. Ammann, County Collector, Appellant, *vs.* JOHN DIPPER *et al.,* Appellees.

*Opinion filed November 21, 1945.*

IVAN J. HUTCHINS, State's Attorney, of Decatur, (JOSEPH L. ROSENBERG, and McMILLEN & GARMAN, both of Decatur, and PROVINE, WILLIAMS &. PINKERTON, of Taylorville, of counsel,) for appellant.

MONROE & ALLEN, of Decatur, for appellees.

Mr. JUSTICE WILSON delivered the opinion of the court:

This appeal is from an order of the county court of Macon county, sustaining objections to an application for judgment and sale of lands for delinquent drainage assessments of the North Fork Outlet Drainage District.

July 30, 1925, the county court of Christian county entered an order providing for construction, within the North Fork Outlet Drainage District, comprising lands in Macon, Christian and Sangamon counties, of an improvement consisting of deepening, straightening and shortening the channel of the Sangamon river from approximately the Niantic bridge to the west line of the Decatur Sanitary District. November 10, 1925, after a hearing before a jury, the same. court confirmed a special assessment, consisting of ten installments, payable on the first day of January, 1926,

to 1935, inclusive. No appeal was taken from the order of confirmation. A certified copy of the assessment roll was duly recorded in the office of the recorder of deeds of Macon county.

March 31, 1927, upon complaint filed by the city of Springfield and the Springfield Sanitary District, a temporary injunction was issued by the circuit court of Sangamon county restraining further prosecution of the work. The decree awarding the temporary injunction was affirmed. (*Springfield* v. *North Fork Outlet Drainage District,* 249 Ill. App. 133.) Upon cessation of work pursuant to the injunction, the river had been channelized and straightened from the Niantic bridge eastward a distance of approximately three miles. From this point east to the western limits of Decatur township the work had not been completed. One third to one half of the project has been completed, according to varying estimates.

March 1, 1945, eighteen years after issuance of the temporary injunction, and ten years subsequent to the date on which the final installment was due and payable, the treasurer of the district prepared a certified list of the delinquent lands. This was filed with the county treasurer and *ex officio* county collector of Macon county, who made the present application for judgment of sale of lands in Macon county for the delinquent installments of the special assessments. To this application for judgment a total of nine objections was filed, seven of which were overruled. Only two are involved in the present proceeding. Objection No. 8 alleged that the assessments were null and void because of the injunction, and that the subsequent failure of the commissioners of the North Fork Outlet Drainage District to prosecute the work with diligence amounted to an abandonment of the improvement. By objection No. 9, it was contended that objectors' properties have not been, and will not be, benefited, and that entry of judgment on the delinquent installments of the assess-

ment will deprive the objectors of their property without due process of law, and without just compensation, contrary to Federal and State constitutional guarantees. After a hearing, the trial court sustained both objections. The legality of the organization of North Fork Outlet Drainage District is not questioned.

There is substantially no dispute as to the material facts. Under the original proceeding, a total of $47,107.51 was assessed against the properties of the objectors, of which $20,137.36, about forty-two per cent, has been paid. The present application for judgment is for delinquent principal in an amount of $26,970.15, and interest amounting to $25,718.94, a total of $52,689.09. The landowners are in default for a varying number of assessments. Briefly, the uncontradicted testimony of witnesses for the objectors was that no steps have been taken toward disposing of the injunction action pending in the circuit court of Sangamon county, and that no attempt has been made by the commissioners of the district to resume or complete the work. There is in the hands of the treasurer $1271.34 allocated to the project, and in the past ten years no claims with respect to the improvement had been presented to the commissioners.

To obtain a reversal, it is first contended that a *prima facie* case having been established, an application for judgment by the county collector cannot be defeated by a plea that the work has not been completed, and that, consequently, the court erred in hearing evidence in support of the objections. To sustain this contention, numerous cases are cited in which this court refused to entertain objections on the ground that a writ of *mandamus* to compel completion of the projects involved was the appropriate remedy of the objectors. These cases are not applicable. Section 235 of the Revenue Act of 1939 (Ill. Rev. Stat. 1945, chap. 120, par. 716,) ordains that "The court shall examine said list, [delinquent list] and if defense (specifying, in

writing, the particular cause of objection) be offered by any person interested in any of said lands or lots, to the entry of judgment against the same, the court shall hear and determine the matter in a summary manner, without pleadings, and shall pronounce judgment as the right of the case may be: * * *." It is well settled that legality of a proceeding at and prior to confirmation of an assessment roll cannot be collaterally attacked on application for sale. If, however, objections and defenses arising subsequently are of a nature to annul a judgment of confirmation, they may be interposed to the application for judgment. (*People ex rel. Raymond* v. *Whidden,* 191 Ill. 374; *Boynton* v. *People ex rel. Kern,* 159 Ill. 553.) Here, it is conceded that since 1927, when the temporary injunction was issued, no attempt has been made on behalf of the district to proceed with a trial upon the merits, or to have the injunction set aside. Necessarily, during the period of eighteen years in which the temporary injunction has been in force no steps were taken toward completion of the improvement. Delays of much less duration have been held to constitute abandonment of an improvement. (*Bradford* v. *City of Chicago,* 25 Ill. 349; *District of Columbia* v. *Thompson,* 281 U. S. 25.) It is here conceded that if the present temporary injunction be made permanent it would then be proper for the commissioners to maintain a proceeding in the county court of Christian county to abate the special assessments fairly and equitably among the landowners, and that such relief could be enforced by *mandamus.* Where, as here, completion of an improvement has been restrained for eighteen years by a valid temporary injunction, a permanent injunction could not be more effective. The improvement must be held to be abandoned. To require payment of an entire special assessment to defray alleged expenses of an improvement which can only be partially completed, merely to make possible a proceeding to be instituted later by the commissioners to

abate the assessments, is a useless gesture in which the courts will not indulge. It was so held in *People ex rel. McCornack* v. *McWethy*, 165 Ill. 222. In *People ex rel. McCornack* v. *McWethy*, 177 Ill. 334, a subsequent appeal of the same cause, this court refused judgment for a whole installment and entered judgment for only a fraction of an installment, where the evidence disclosed that the total installment would be in excess of the amount actually required to complete the improvement. Here, the evidence discloses no outstanding claims arising out of work already performed, and a balance of $1271.34 on hand allocated to this improvement. Under these circumstances, *People* v. *McWethy*, 165 Ill. 222, and 177 Ill. 334, are analogous and controlling.

It is further insisted by the relator that notwithstanding the injunction the objectors are not without a remedy. *Mandamus* is suggested. It is contended that the commissioners of the drainage district have certain specific duties imposed upon them by statute and by the orders and judgments of the county court of Christian county, which has jurisdiction of the district and its officials; that the commissioners have the requisite power and authority to discharge those duties; (Ill. Rev. Stat. 1945, chap. 42, par. 26, sec. 28;) that the commissioners are not vested with discretion whether or not to proceed, but that it is their plain duty to dispose of the injunction suit by a hearing on the merits and to complete the work of channelizing the Sangamon river. *Binder* v. *Langhorst*, 234 Ill. 583; *Wells* v. *People ex rel. Raymond*, 201 Ill. 435, and *People ex rel. Burke* v. *Mayor of Bloomington*, 63 Ill. 207, are cited as instances where *mandamus* proceedings were suggested as an available remedy to compel completion of projects. In none of the cited cases was there in effect an injunction prohibiting completion of the work, as here. A municipality's power to sue or to be sued includes the right to exercise discretion as to compromising or settling litigation or re-

leasing judgments. (*Agnew* v. *Brall*, 124 Ill. 312.) Evidently, from 1927 to 1945, the commissioners were of the opinion that the trial of the injunction suit upon its merits would have resulted adversely to the district. Their acquiescence and obedience to the temporary injunction writ confirm this conclusion. Whether to proceed to trial in an injunction proceeding, or to abandon litigation, constitutes the exercise of discretion on the part of the commissioners. A writ of *mandamus* will not issue to compel the exercise of discretion in a particular manner. (*People ex rel. Elmore* v. *Allman*, 382 Ill. 156; *MacGregor* v. *Miller*, 324 Ill. 113.) The rule has been well established that a writ of *mandamus* will not be granted to compel performance of an act expressly forbidden by an injunction issued by a court of competent jurisdiction. *People ex rel. Sullivan* v. *Hake*, 81 Ill. 540.

Finally, in the reply brief, for the first time it is contended that a substantial portion of the lands here involved are in an area in which work on the improvement was fully completed before issuance of the injunction; that possibly the completed portion of the work would prove more beneficial to some of the landowners than if the entire project had been completed; and that the burden of showing why a judgment should not be entered was upon the objectors, upon whom it was likewise incumbent to show that a failure to complete the entire improvement was inequitable with respect to their particular situations. It is further insisted that the result of the present judgment is to grant a blanket abatement of all each objector had failed to pay, irrespective of benefits and payments already made. Relator suggests, but without identifying them, that at least two of the objectors in this proceeding have paid nothing, some have paid twenty to fifty per cent or more, and that some landowners not here involved have doubtless paid the entire assessment. In short, it is contended that assessment of benefits is not a function of the county court of Macon

county upon application of the county collector for judgment, but that the proper procedure would be by a direct proceeding under section 44 of the Levee Act (Ill. Rev. Stat. 1945, chap. 42, par. 44,) for a recasting of the assessment roll in the county court of Christian county. These conjectural considerations are untenable under the circumstances here present. The sole issue produced by the eighth and ninth objections is whether judgment should be entered against the lands of the objectors for an alleged delinquency in the payment of balances of a special assessment confirmed in 1925, the final installment of which, according to the order creating the assessment, was due and payable January 1, 1935. The objectors resisted the application for judgment upon the grounds that only a portion of the work had been done and that in 1927 a temporary injunction had been issued by a court of competent jurisdiction restraining completion of the project. These objectors are entitled to assume, after so great a lapse of time without any attempt to set aside the injunction or to resume work, that the remainder of the improvement has been abandoned. No attempt on the part of the collector was made to obtain judgment representing the balances owing by each landowner based upon a prorata portion of the completed project. Judgment was sought for the entire amount of principal remaining unpaid, together with interest on this balance. Under these circumstances, it was not incumbent upon the objectors to prove individual equities. The defense was calculated to prevent a judgment for the entire remaining amount, upon the basis that only a portion of the improvement had been completed and that more than half of the work had been abandoned. The court refused judgment, and we think correctly so, for the reasons above stated.

The judgment of the county court of Macon county is affirmed.

*Judgment affirmed.*