SECOND DIVISION
October 30, 2007

No. 1-06-2988

| | | |
|---|---|---|
| MICHELLE A. SMITH, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| | ) | Cook County |
| v. | ) | |
| | ) | |
| LOUIS JOLIET SHOPPINGTOWN L.P. and PANERA | ) | |
| L.L.C., | ) | |
| Defendants-Appellees | ) | No. 04 L 6668 |
| | ) | |
| | ) | |
| (Liberty Mutual Insurance Company, a Massachusetts | ) | |
| Mutual Insurance Company, Individually and as | ) | |
| subrogee of United Parcel Service, Inc., | ) | Honorable |
| Intervenor-Appellant). | ) | Robert Lopez Cepero, |
| | ) | Judge Presiding. |
| | ) | |

JUSTICE KARNEZIS delivered the opinion of the court:

Plaintiff Michelle A. Smith brought suit against defendants Louis Joliet

Shoppingtown L.P. (Louis Joliet) and Panera L.L.C. for personal injuries she sustained

on defendants' premises. Intervenor Liberty Mutual Insurance Company was granted

leave to intervene individually and as subrogee of plaintiff's employer, United Parcel Service, Inc. (UPS), and sought to enforce its workers' compensation lien created pursuant to the Worker's Compensation Act (820 ILCS 305/5(b) (West 2004)) (the Act) against any settlement proceeds received by plaintiff. The circuit court adjudicated the workers' compensation lien to an amount less than plaintiff's recovery, without Liberty Mutual's consent. On appeal, Liberty Mutual contends that the circuit court erred in adjudicating its workers' compensation lien without its consent.

On April 10, 2003, plaintiff, an employee of UPS, while within the scope of her employment delivering packages, slipped and fell on defendants' premises. Plaintiff made a claim for workers' compensation benefits and Liberty Mutual, on behalf of UPS, paid plaintiff benefits in the amount of $143,000. On July 11, 2004, plaintiff filed a negligence cause of action against defendants.[1] Liberty Mutual filed a petition to intervene for the purpose of asserting its workers' compensation lien pursuant to the Act, which the circuit court granted. A settlement conference was held on July 12, 2006, with all parties present. Defendant Louis Joliet offered plaintiff $110,000 to settle all claims. The circuit court recommended that Liberty Mutual settle its lien for $25,000. Liberty Mutual rejected the court's recommendation, but counteroffered in the amount of $50,000, which plaintiff rejected. The court then recommended two options to

---

[1] Defendant Panera L.L.C. is not a party to this appeal.

2

Liberty Mutual as full payment of its lien: $25,000 with costs or $30,000 without costs.[2] The attorney representing Liberty Mutual communicated the recommendation to its adjuster, who did not immediately respond. Plaintiff and Louis Joliet then negotiated a settlement in the amount of $110,000, and the court adjudicated Liberty Mutual's workers' compensation lien to $30,000, without counsel for Liberty Mutual present. In accordance with the settlement agreement, on July 12, 2006, the circuit court dismissed the cause with prejudice, retaining jurisdiction for purposes of adjudicating the lien and enforcing the settlement agreement.

Subsequently, Liberty Mutual filed a motion to vacate the court's order. Liberty Mutual's petition alleged that the court's order should be vacated because section 5(b) of the Act required that Liberty Mutual provide the court with written consent of the settlement agreement, which did not happen because Liberty Mutual was not present when the settlement was reached. The circuit court held a hearing on the motion and ordered that all counsel present at the settlement conference provide the court with affidavits regarding the events of the conference. These affidavits are not contained in the record on appeal. At the hearing, counsel for Liberty Mutual alleged that he was unaware of the settlement agreement until several weeks after the settlement conference. He stated that he communicated the court's recommendations to its adjuster and then waited about an hour for the adjuster to respond. The court noted

---

[2] It is unclear from the record how the court reached those two sums.

that during that time, the settlement agreement was reached and the court and at least one other attorney believed that counsel for Liberty Mutual had left the building. In denying Liberty Mutual's motion to vacate, the court found that Liberty Mutual was either estopped from objecting to the court's order or had waived any objection to the court's order. The court stated "[t]here's such a thing called estoppel, there's such a thing called waiver, there are all kind of things that we have in the law of business that maybe this particular claims adjuster might want to learn about." Plaintiff now appeals.

On appeal, Liberty Mutual contends that it was entitled to full reimbursement of its workers' compensation lien from plaintiff's recovery and the circuit court erred in adjudicating the lien to a lesser amount without its consent. Specifically, Liberty Mutual argues that it was entitled to plaintiff's recovery of $110,000, less 25% for attorney fees, which amounts to $82,500.

Section 5(b) of the Act provides in part:

"Where the injury or death for which compensation is payable under this Act was caused under circumstances creating a legal liability for damages on the part of some person other than his employer to pay damages, then legal proceedings may be taken against such other person to recover damages notwithstanding such employer's payment of or liability to pay compensation under this Act. In such case, however, if the action against such other person is brought by the injured employee or his personal representative and judgment is obtained and paid, or settlement

4

is made with such other person, either with or without suit, then from the amount received by such employee or personal representative there shall be paid to the employer the amount of compensation paid or to be paid by him to such employee or personal representative." 820 ILCS 305/5(b) (West 2004).

This provision grants the employer, or in this case, Liberty Mutual, a statutory lien on any recovery the employee receives from a liable third party equal to the amount of the workers' compensation benefits paid or owed to the employee. In re Estate of Dierkes, 191 Ill. 2d 326, 328 (2000). One purpose of section 5(b) is to compensate the injured employee, regardless of fault, and to protect the employer by allowing the employee and employer to reach the true tortfeasor. Dierkes, 191 Ill. 2d at 331. Another purpose is to prevent the employee from obtaining a double recovery. Therefore, an employee is entitled to retain only that portion of a recovery from the tortfeasor that exceeds the workers' compensation benefits he received. Dierkes, 191 Ill. 2d at 332. Further, an employee is obligated to reimburse the employer for the full amount of its workers' compensation payments, regardless of the amount that the employee recovers. If the amount of compensation benefits exceeds the employee's third-party recovery, the employer is entitled to the entire recovery, less fees and costs. Dierkes, 191 Ill. 2d at 333.

Here, pursuant to section 5(b) of the Act, Liberty Mutual was entitled to reimbursement of its workers' compensation lien, less attorney fees and costs. Plaintiff

received workers' compensation funds in the amount of $143,000 from Liberty Mutual on behalf of her employer, UPS. She settled her suit against Louis Joliet for $110,000. Because plaintiff's recovery against Louis Joliet was less than the amount of Liberty Mutual's workers' compensation lien, Liberty Mutual was entitled to plaintiff's full recovery, less attorney fees and costs. The circuit court had no authority to adjudicate the lien to $30,000 without Liberty Mutual's consent and such action was inconsistent with section 5(b) of the Act.

Section 5(b) of the Act further provides that "[n]o release or settlement of claim for damages by reason of such injury or death, and no satisfaction of judgment in such proceedings shall be valid without the written consent of both employer and employee or his personal representative, except in the case of the employers, such consent is not required where the employer has been fully indemnified or protected by Court order." 820 ILCS 305/5(b) (West 2002). Our supreme court has repeatedly stated that " '[i]t is of utmost importance that the trial court protect an employer's [workers' compensation] lien.' " Dierkes, 191 Ill. 2d at 333, quoting Blagg v. Illinois F.W.D. Truck & Equipment Co., 143 Ill. 2d 188, 195 (1991).

Here, Liberty Mutual did not consent to either of the circuit court's recommendations to take less than the statutory amount to which it was entitled. And, Liberty Mutual's lien was not protected by the court's order because the order provided for Liberty Mutual to receive only a fraction of plaintiff's recovery. Further, we do not agree that Liberty Mutual should have been estopped from objecting to the court's

6

order or had waived any objection to the court's order.  Estoppel refers to the effect of a party's voluntary conduct that precludes it from asserting rights that might otherwise have existed against another person who has detrimentally relied upon such conduct. Lake County Grading Co. of Libertyville, Inc. v. Advance Mechanical Contractors, Inc., 275 Ill. App. 3d 452, 462-63 (1995).  Our supreme court has stated, " '[w]aiver arises from an affirmative act, is consensual, and consists of an intentional relinquishment of a known right.' "  Gallagher v. Lenart, 226 Ill. 2d 208 (2007), quoting Home Insurance Co. v. Cincinnati Insurance Co., 226 Ill. 2d 307, 326 (2004).  Liberty Mutual's absence from the later part of the settlement negotiations can be viewed as neither voluntary conduct that would preclude seeking reimbursement of its statutory lien nor an intentional relinquishment of a known right.

Accordingly, we reverse the judgment of the circuit court and remand the cause to the circuit court with directions to order payment to Liberty Mutual in accordance with section 5(b) of the Act.

Reversed and cause remanded with directions.

HOFFMAN, P.J., and HALL, J., concur.