HUMPHREY PROPERTY GROUP, L.L.C., Plaintiff-Appellant, v. THE VILLAGE OF FRANKFORT, Defendant-Appellee.

Third District   No. 3—08—0246

Opinion filed June 18, 2009.

John B. Murphey (argued), of Rosenthal, Murphey & Coblentz, of Chicago, for appellant.

James A. Murphy (argued), of Mahoney, Silverman & Cross, Ltd., of Joliet, for appellee.

JUSTICE McDADE delivered the opinion of the court:

Plaintiff, Humphrey Property Group, L.L.C., an Illinois limited liability company (Humphrey), filed a complaint in the circuit court of Will County against defendant, the Village of Frankfort, a municipal corporation, seeking declaratory judgment that Humphrey has the right to develop certain property within the village pursuant to an annexation agreement between Frankfort and Humphrey's predecessor in interest in the subject property. Pursuant to Supreme Court Rule 308 (134 Ill. 2d R. 308), the trial court certified the following question for review by this court:

> "May a municipality invoke the equitable doctrine of estoppel based on the conduct of a prior property owner to nullify a successor property owner's rights under an annexation agreement in the absence of an amendment to that annexation agreement adopted either (i) in accordance with the terms of the annexation agreement itself; or (ii) in accordance with the procedures set forth in 65 ILCS 5/11—15.1—3 for amendment of an annexation agreement?"

This court granted the parties' request for interlocutory appeal.

## BACKGROUND

Frankfort annexed the subject property in September 1997 pursuant to an annexation agreement with H&D Development Corporation and State Bank of Countryside. The annexation agreement zones the subject property "C-4 PUD" and lists authorized uses for the property. The agreement remains in effect until September 2017 and states that it is applicable to the parties' successors in interest. Humphrey purchased a portion of the property covered by the annexation agreement in August 2005. Humphrey's proposed use is one of the enumerated authorized uses. The agreement also provides, in pertinent part, as follows:

> "[T]his Agreement and all the Exhibits attached hereto may be amended only [by] mutual consent of the parties, by the adoption of an ordinance or resolution of the VILLAGE approving said amendment or resolution, as provided by law, and the execution of said amendment by the parties hereto or their successors in interest."

Frankfort admitted that the parties never amended the agreement. Nonetheless, Frankfort filed an affirmative defense to plaintiff's

complaint arguing that plaintiff's predecessor in interest effectively amended the agreement by subdividing the subject property and requesting a change in zoning. Specifically, the predecessor requested a change in zoning from C-4 PUD to C-2 PUD. A C-2 PUD zoning does not permit the uses enumerated in the agreement. Frankfort granted the zoning change at the then owner's request including the portion of the property Humphrey now owns. Frankfort later rezoned the subject property again to B-4 as the result of a comprehensive rezoning in the village.

Frankfort asserted that "in reliance on the request of [a predecessor in interest,] the Village of Frankfort changed its position as to what zoning was appropriate for the site and allowed Lot 4 to be subdivided into smaller lots which were no longer suitable for certain *** uses," including plaintiff's proposed use. As a result of the "effective amendment" of the parties' agreement, Frankfort argued, it is no longer bound by the original terms of the agreement. Frankfort asserts that Humphrey had actual or constructive knowledge of the rezoning at the request of the then owner of the subject property prior to its purchase of the subject property.

Plaintiff filed a motion for judgment on the pleadings and a motion to strike Frankfort's affirmative defense. The trial court denied both motions. This appeal followed.

## ANALYSIS

An amendment to a zoning ordinance adopted without following statutory procedures is void. *County of Kankakee v. Anthony*, 304 Ill. App. 3d 1040, 1045, 710 N.E.2d 1242, 1245 (1999) ("[T]he General Assembly has established certain procedures which govern the manner in which county boards carry out their legislative function. Compliance with these statutory procedures is a prerequisite to the valid enactment of an ordinance. [Citation.] When a county board has failed to follow proper procedures in amending a zoning ordinance, the amendment is void").

In arguing that a nonstatutory change in an annexation agreement is similarly void, plaintiff suggests that "[a] municipality's attempt to amend an annexation agreement without complying with the mandatory notice and hearing requirements must be treated the same as a court would respond to an attempted zoning change without the requisite notice and hearing." Plaintiff asserts that "a municipality and property owner who desire to amend an annexation agreement involving valuable property rights [should] observe the simple and straightforward statutory notice and public hearing requirements."

Plaintiff argues that Frankfort ignored the mandatory notice and hearing requirements when it "effectively amended" the annexation agreement, and that in doing so it prejudiced both plaintiff and the public. Plaintiff cites *Cannizzo v. Berwyn Township 708 Community Mental Health Board*, 318 Ill. App. 3d 478, 487, 741 N.E.2d 1067, 1074 (2000), for the proposition that Frankfort's alleged *contractual* amendment to the annexation agreement (resulting in a *statutory* zoning change) is void. The amendment to the annexation agreement is void under *Cannizzo*, plaintiff argues, because under Illinois law a contract entered by a municipality without statutory authority is void *ab initio*. *Cannizzo*, 318 Ill. App. 3d at 487, 741 N.E.2d at 1074. Also, plaintiff argues, because the contract is, allegedly, void, the change in *the contract* may not be rendered valid by estoppel.

Frankfort relies on *Berg & Associates, Inc. v. Nelsen Steel & Wire Co.*, 221 Ill. App. 3d 526, 535, 580 N.E.2d 1198, 1204 (1991), for the proposition that a party to an agreement who agrees to an oral modification is estopped from raising a challenge to the modification based on a term in the agreement precluding oral modifications. Frankfort's argument assumes that, under *Reitman v. Village of River Forest*, 9 Ill. 2d 448, 453, 137 N.E.2d 801, 803 (1956), plaintiff in the case at bar stands in the shoes of its predecessor in interest. If that is the case, then legally plaintiff is estopped from contesting the validity of the alleged amendment to the annexation agreement if the original parties amended the annexation agreement by mutual consent and, it argues, plaintiff is thus estopped from challenging the validity of the zoning ordinance. Frankfort is legally correct, but here, factually, the question becomes what is the scope of the estoppel applicable in this situation. Stated differently, to what did the original parties agree that now binds the successor parties? For example, did the original parties agree to amend the contract, for some reason which may have in fact benefitted both, without following the statute, or did plaintiff's predecessor request and/or agree to the change in the contract with the implicit understanding and/or requirement that Frankfort make those changes in accord with the applicable statutory procedures?

### A. Legal Applicability of Principles of Estoppel

In *Village of Lisle v. Action Outdoor Advertising Co.*, 188 Ill. App. 3d 751, 760, 544 N.E.2d 836, 842 (1989), the Smiths, the owners of certain property, contracted with the defendant, Action Outdoor Advertising, for it to erect an outdoor sign. In *Lisle* the court held that although the Smiths, as parties to the agreement, had derived substantial contractual benefits from the agreement, estoppel *did not apply* to preclude the defendants from challenging the validity of the

annexation agreement. There the court based its holding on finding that the Village could not argue that defendants should be estopped from asserting the validity of the agreement because the annexation agreement itself was invalid. *Lisle*, 188 Ill. App. 3d at 760-61, 544 N.E.2d at 842. In a similar transaction involving a contractual obligation requiring a change in a zoning ordinance, this court has addressed the party on the other side of the transaction and held that the "plaintiff's complaint *** states sufficient facts from which the *city* *** could be held to have been estopped to assert the invalidity of the original ordinance [changing the] zoning." (Emphasis added.) *Mahoney Grease Service, Inc. v. City of Joliet*, 85 Ill. App. 3d 578, 582-83, 406 N.E.2d 911, 915 (1980). There, Joliet rezoned property in an attempt to comply with a settlement agreement. The defendant alleged that "the agreement is a void and *ultra vires* contract to which the city cannot be held." *Mahoney Grease Service, Inc.*, 85 Ill. App. 3d at 582, 406 N.E.2d at 914.

The *Mahoney* court found that the defendant alleged facts to support a finding that "in trying to comply with the settlement agreement, in addition to annexation of the *** land, [Joliet] attempted to rezone the land *** in an invalid ordinance." *Mahoney Grease Service, Inc.*, 85 Ill. App. 3d at 583, 406 N.E.2d at 915. There, "[t]he invalidity in the ordinance which rezoned the Mahoney land was a failure to hold a public hearing." *Mahoney Grease Service, Inc.*, 85 Ill. App. 3d at 583, 406 N.E.2d at 915. This court held that "[w]here municipalities have received and accepted the benefits *of a contract*, they are estopped to deny the validity of the very contract through which they received the benefits. [Citations.] We believe an estoppel theory is applicable to the instant case." (Emphasis added.) *Mahoney Grease Service, Inc.*, 85 Ill. App. 3d at 583, 406 N.E.2d at 915.

The court first pointed out that "[t]he city of Joliet clearly has the legal authority to settle and compromise litigation of disputed or doubtful claims." *Mahoney Grease Service, Inc.*, 85 Ill. App. 3d at 582, 406 N.E.2d at 914. The *Mahoney* court recognized that "a municipal contract which is legally prohibited or beyond the power of the municipality is absolutely void and cannot be ratified by later municipal action" (*Mahoney Grease Service, Inc.*, 85 Ill. App. 3d at 582, 406 N.E.2d at 914), but the court held that "where the contract is within the corporate powers, but defectively or irregularly made it may be later ratified by the action of the municipality" (*Mahoney Grease Service, Inc.*, 85 Ill. App. 3d at 582, 406 N.E.2d at 914). The court found that because "the settlement of disputed litigation and the annexation and zoning of land are within the legal authority of the city of Joliet to accomplish," the settlement—and the annexation

and zoning it required—were "not absolutely void acts per se." *Mahoney Grease Service, Inc.*, 85 Ill. App. 3d at 582, 406 N.E.2d at 914.

Similarly, the *Mahoney* court found that in *Branigar v. Village of Riverdale*, 396 Ill. 534, 72 N.E.2d 201 (1947), "[an] *** irregularity was *** present [and] estoppel was applied against a municipal corporation in a breach of contract action to prevent the municipality from relying upon the invalidity of the contract." *Mahoney Grease Service, Inc.*, 85 Ill. App. 3d at 583, 406 N.E.2d at 915, citing *Branigar*, 396 Ill. 534, 72 N.E.2d 201. In *Branigar*, the supreme court, as did the *Mahoney* court, initially focused on the regulating body's authority to enter the contract, holding that "where there is a power to enter into a contract but such contracts are irregularly made, and the city accepts the benefits of the contracts, it is estopped from setting up or relying on its own [statutory] irregularity to defeat recovery." *Branigar*, 396 Ill. at 546, 72 N.E.2d at 207.

Finally, "[i]n *City of Chicago v. Pittsburg, Cincinnati, Chicago and St. Louis Railway Co.* 244 Ill. 220, in a similar situation, [the court] held that to permit a city now to say that it neglected publication of an ordinance would be a fraud which the law ought not to permit." *Branigar*, 396 Ill. at 546, 72 N.E.2d at 207. The court held:

> "Under these holdings we cannot say that the failure of the village to publish is any more than an irregularity in the exercise of its power. *** [T]here was a power in the village to enter into the contracts here in question and that the failure to publish was an irregularity, only, which the city is now estopped from asserting in defense of this cause." *Branigar*, 396 Ill. at 546-47, 72 N.E.2d at 207.

*Mahoney* and *Branigar* stand for the general proposition that equitable estoppel is an available defense against a municipality's attempt to avoid the terms of a valid agreement on the grounds it failed to comply with an applicable statute. In *Branigar*, as in the case at bar, the public body adopted an ordinance in an attempt to effectuate its obligations under a contract. *Branigar*, 396 Ill. at 537-38, 72 N.E.2d at 203. The *Branigar* court cited its earlier decision in *McGovern v. City of Chicago*, 281 Ill. 264, 118 N.E. 3 (1917), holding that where "the municipality failed to publish as required by statute[,] *** that *** municipal corporation, as against persons who have acted in good faith and parted with value for its benefit, cannot, unless by virtue of some statutory provision, set up mere irregularities in the exercise of power conferred, as, for example, its failure to make publication." *Branigar*, 396 Ill. at 546, 72 N.E.2d at 207.

Both this court in *Mahoney* and the supreme court in *Branigar* determined that, generally, estoppel is an available remedy in proceed-

ings on a contract where a municipality sought to avoid the terms of the contract by challenging the validity of a statutory act adopted pursuant to and/or in furtherance of the contract. In *Mahoney*, the municipality rezoned property pursuant to a written settlement agreement. It then sought to avoid the terms of that agreement by arguing the zoning change was invalid.

In *Mahoney* the court applied estoppel principles to prevent it from not complying with the new *zoning* requirements. The parties in *Mahoney* did not challenge any of the contract terms. In *Branigar*, the municipality sought to avoid the terms of the *contract* by arguing that an ordinance that was required for the type of contract involved was invalid. *Branigar*, 396 Ill. at 543, 72 N.E.2d at 205. The court held that the municipality was estopped from noncompliance with the terms of the contract because "there was a power in the village to enter into the contracts here in question and that the failure to publish was an irregularity, only, which the city is now estopped from asserting in defense of this cause." *Branigar*, 396 Ill. at 547, 72 N.E.2d at 207.

█ From the authorities we conclude that Illinois applies the estoppel defense equally to challenges to actions undertaken pursuant to contract or statute, or to actions undertaken under one pursuant to an agreement or requirement stated in the other. In support of that finding we note that factually this case is analogous to *Branigar*, where estoppel applied to prevent a party to a contract from not complying with the terms of the contract based on a failure to follow statutory procedures. In *Branigar*, the statute required an ordinance approving the contract. In the case at bar, both the statute and the agreement require an ordinance to modify the terms of the agreement.

## B. Scope of the Estoppel

In this particular case, Frankfort rezoned the subject property allegedly pursuant to the original parties' oral agreement. Plaintiff now seeks to enforce the agreement as written, while Frankfort seeks to avoid the terms of that agreement. Under Illinois law, in such proceedings estoppel is available to either party. The fact or propriety of the oral amendment to the annexation agreement is irrelevant to the limited question presented to this court. The question presented to us is simply whether estoppel is an available remedy under the facts of this case. Pursuant to *Mahoney* and *Branigar*, the failure to amend the agreement by statute but allegedly to do so orally is an "irregular exercise" of authority but one which does not itself prevent the application of estoppel principles. See *Branigar*, 396 Ill. at 546-47, 72 N.E.2d at 207; *Mahoney Grease Service, Inc.*, 85 Ill. App. 3d at 583, 406 N.E.2d at 915.

On the contrary, the authorities stand for the proposition that this court will uphold an attempt by one party to apply the doctrine of estoppel to prevent the other party from asserting defects in the contract or in adopting and complying with an ordinance or statute when legal provisions impact the parties' contract. Moreover, we note that estoppel has been equally available to a private party which has relied on a municipality's exercise—albeit an "irregular" exercise—of its legal authority to (a) enter the underlying contract and/or (b) adopt the challenged ordinance. Nothing in the court's prior decisions indicates that estoppel principles should not apply with equal force to a nonmunicipal party to the challenged agreement. The court has never relied on the fact that the party against which it applied estoppel was a public body.

Instead, the lynchpin of the court's decisions has been, consistent with estoppel principles, acceptance of a benefit from the act complained of or detrimental reliance on the act. See *McGovern v. City of Chicago*, 281 Ill. 264, 282, 118 N.E. 3, 9 (1917), quoting *County of Coles v. Goehring*, 209 Ill. 142, 165, 70 N.E. 610 (1904) (" 'Where a statute, in authorizing a municipal corporation to exercise a certain power, specifically regulates the mode in which that power is to be exercised, but the municipal authorities exercise it in a manner different from that prescribed by the statute, the municipality will be estopped from setting up the irregular exercise of the power when it is called upon to pay for what it has received, where the proof shows that it has received and accepted the benefit of the contract thus irregularly entered into' "); *Smith v. Louis Joliet Shoppingtown L.P.*, 377 Ill. App. 3d 5, 8, 877 N.E.2d 789, 793 (2007) ("Estoppel refers to the effect of a party's voluntary conduct that precludes it from asserting rights that might otherwise have existed against another person who has detrimentally relied upon such conduct").

As noted above, this case raises the additional question of the appropriate scope of the estoppel. This is true because here, unlike the usual case, plaintiff may be estopped by the "act" of a predecessor in interest rather than by its own act. Purchasers "stand in the place of their grantor, and where a grantor had the right to test the validity of an ordinance the same right exists in his grantees." *Harmon v. City of Peoria*, 373 Ill. 594, 602, 27 N.E.2d 525, 529 (1940). A successor in interest is also bound by the acts of its predecessor with regard to annexation agreements. See *Cummings v. City of Waterloo*, 289 Ill. App. 3d 474, 486, 683 N.E.2d 1222, 1230 (1997) ("[T]he annexation agreement between the Schewes and the City was a valid, binding contract, and Wal-Mart, as successor to the Schewes' property, is entitled to have the contract enforced as written. Wal-Mart is entitled to B-3 uses

on the property zoned I-1, based upon the annexation agreement"); *Village of Orland Park v. First Federal Savings & Loan Ass'n of Chicago,* 135 Ill. App. 3d 520, 526, 481 N.E.2d 946, 950-51 (1985) ("agreement is binding upon First Federal as a successor owner").

Under principles of estoppel, a party is only bound by the acts upon which the party asserting the estoppel actually relied.

> " 'The party asserting a claim of estoppel must have relied upon the acts or representations of the other and have had no knowledge or convenient means of knowing the facts, and such reliance must have been reasonable.' [Citations.] Although estoppel may involve an 'involuntary relinquishment,' it also requires a showing ' "by clear, concise, and unequivocal evidence" ' of prejudicial reliance. [Citations.]" *Ervin v. Nokia, Inc.,* 349 Ill. App. 3d 508, 514-15, 812 N.E.2d 534, 541 (2004).

*Cf. Meegan v. Village of Tinley Park,* 52 Ill. 2d 354, 358-59, 288 N.E.2d 423, 426 (1972) (doctrine of estoppel did not apply to right to enforce terms of annexation agreement where change in ordinance would have prevented allowable use under agreement but parties did not agree to change in the zoning ordinance).

In *Reitman v. Village of River Forest,* 9 Ill. 2d 448, 453, 137 N.E.2d 801, 803 (1956), the plaintiffs argued that equitable estoppel applied to prevent a landowner from challenging the validity of an annexation agreement where the landowner had received a substantial benefit from the agreement. The court held that regardless of the statutory validity of the ordinance, the plaintiffs stood "in the place of their grantor and [are] estopped by acts of their predecessor in title *which would have estopped him* from contesting the validity of the ordinance." (Emphasis added.) *Reitman,* 9 Ill. 2d at 453, 137 N.E.2d at 803. Here, the predecessor's "act" is its alleged request to modify the zoning under the agreement. Plaintiff would be estopped from challenging Frankfort's actions to the same extent its predecessor would have been estopped.

So, for example, if Frankfort relied on plaintiff's predecessor's consent to forego statutory procedures, Frankfort may be able to demonstrate that it relied on the predecessor's course of conduct—in consenting to the amendment without compliance—to its injury, estopping plaintiff from challenging the validity of its zoning ordinance. *Hoos v. Hoos,* 86 Ill. App. 3d 817, 823, 408 N.E.2d 752, 756 (1980) ("estoppel arises where the voluntary conduct of one party results in good faith reliance and detrimental change of position by the other party. Where such circumstances exist, estoppel may act to bar the assertion of rights by the party whose voluntary acts led to the reliance").

■ The scope of the estoppel applicable against the predecessor depends on the extent of the original parties' agreement. *Adam v. Columbian National Life Insurance Co.*, 218 Ill. App. 54, 65 (1920) ("Where the course of one amounts to an estoppel, one of its essential elements is that such course must have been relied upon by another and the latter must have been induced by that course, to act or to refrain from acting so that he will be substantially injured if the former should be allowed to repudiate his course"). Whether plaintiff is estopped from challenging either the amendment to the annexation agreement or the failure to properly amend the statute depends on three questions: First, the court must determine the procedures to which the parties agreed. Second, the court must determine whether Frankfort relied on the agreement and would be injured if plaintiff is now permitted to repudiate its predecessor's conduct. Third, plaintiff is estopped if plaintiff or its predecessor received a benefit from actions Frankfort took in reliance on the parties' agreement.

■ We need not, and may not, resolve those questions here. For purposes of this appeal, we may only answer the certified question and remand for further proceedings consistent with our answer. For purposes of the instant appeal, the certified question is answered as follows:

A municipality may invoke the equitable doctrine of estoppel against a successor property owner's rights under an annexation agreement in the absence of an amendment to that annexation agreement adopted either (i) in accordance with the terms of the annexation agreement itself; or (ii) in accordance with the procedures set forth in section 11—15.1—3 of the Illinois Municipal Code (65 ILCS 5/11—15.1—3 (West 2006)) for amendment of an annexation agreement to the same extent that the defense would have been available against the predecessor in interest if the court determines that (1) the successor property owner is bound by the actions of his predecessor in interest *and* either (a) the successor property owner or its predecessor in interest received a benefit as a result of the conduct in question *or* (b) the municipality relied or acted to its detriment on the conduct of the successor property owner or its predecessor in interest.

Given our answer to the certified question, whether the trial court properly applied estoppel against plaintiff under the facts of this particular case is a separate question. That question requires the court to determine the availability and scope of the defense available to defendant against plaintiff as successor in interest.

## CONCLUSION

The certified question is answered as follows:

A municipality may invoke the equitable doctrine of estoppel against a successor property owner's rights under an annexation agreement in the absence of an amendment to that annexation agreement adopted either (i) in accordance with the terms of the annexation agreement itself; or (ii) in accordance with the procedures set forth in section 11—15.1—3 of the Illinois Municipal Code (65 ILCS 5/11—15.1—3 (West 2006)) for amendment of an annexation agreement to the same extent that the defense would have been available against the predecessor in interest if the court determines that (1) the successor property owner is bound by the actions of his predecessor in interest *and* either (a) the successor property owner or its predecessor in interest received a benefit as a result of the conduct in question *or* (b) the municipality relied or acted to its detriment on the conduct of the successor property owner or its predecessor in interest.

The cause is remanded for further proceedings consistent with this opinion.

Certified question answered; cause remanded to the circuit court of Will County.

O'BRIEN, P.J., and CARTER, J., concur.